UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED
AUG 20 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KENNETH R. FLAUM, Individually,

    Plaintiff,

vs.        Case No. 4:12cv134

YORK RIVER CROSSING ASSOCIATES,
L.L.C., a Virginia Limited Liability Company,

    Defendant.

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, YORK RIVER CROSSING ASSOCIATES, L.L.C., a Virginia Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2. Defendant's property, YRC Cinemas, is located at 2226 York Crossing Dr., Hayes, VA 23072, in the County of James City.

3. Venue is properly located in the EASTERN District of VIRGINIA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter or wheelchair for mobility. Mr. Flaum is totally and permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, which have limited his access to the Defendant's property, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's property. The ADA violations and barriers to access at the property are more specifically set forth in this Amended Complaint. The barriers to access at the property have also endangered his safety.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA) (INJUNCTIVE RELIEF DEMANDED)

6. The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as YRC Cinemas, and is located at 2226 York Crossing Dr., Hayes, VA 23072.

8. Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Amended Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Kenneth R. Flaum desires to visit YRC Cinemas not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of YRC Cinemas has shown that violations exist. These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

**Parking and Accessible Routes**

    A.    In this parking facility, there are an insufficient number of spaces designated for disabled use, violating Section 208.2 of the Standards for Accessible Design.

B. The disabled use parking spaces that are provided at this facility are not located on the shortest accessible route to the accessible entrances as required in Section 208.3.1 of the Standards for Accessible Design.

C. The disabled use spaces and access aisles contain slopes or cross slopes in excess of 1:48 contrary to the requirements of Section 502.4 of the Standards for Accessible Design.

D. There are passenger unloading zones provided for public use without designating areas for disabled use in violation of Section 209 of the Standards for Accessible Design.

E. There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the Standards for Accessible Design.

F. Some of the doors at the facility are fitted with inaccessible hardware, in violation of Section 404.2.7 of the Standards for Accessible Design.

G. The lower surfaces (up to 10" AFF) of the push side of some doors at the facility are not smooth as required in Section 404.2.10 of the Standards for Accessible Design.

H. The maneuvering clearance of some of the doors at the facility do not comply with the requirements of Section 404.2.1 of the Standards for Accessible Design.

I. The clear width of some of the doors at the facility does not comply with the requirements of Section 404.2.3 of the Standards for Accessible Design.

J. Some of the door thresholds at the facility are not in compliance with Section 404.2.5 of the Standards for Accessible Design.

K. There are ramps at the facility that contain excessive slopes in violation of Section 405.2 of the Standards for Accessible Design.

L. There are ramps at the facility that do not have level landings in violation of Section 405.7 and of the Standards for Accessible Design.

M. There are ramps at the facility that contain excessive cross slopes in violation of Section 405.3 of the Standards for Accessible Design.

N. The dimensions of the ramp landings that are provided do not comply with the requirements of Sections 405.7.2, 405.7.3, 405.7.4 and 405.7.5 of the Standards for Accessible Design.

O. There are ramps at the facility that lack hand rails on both sides as required in Section 405.8 of the Standards for Accessible Design.

P.  There are ramps at the facility that lack the edge protection required in Section 405.9 of the Standards for Accessible Design.

Q.  There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Sections 405.2 and 405.3 of the Standards for Accessible Design.

R.  There are stairs provided at the facility that do not comply with the standards prescribed in Section 504 of the Standards for Accessible Design.

S.  There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the Standards for Accessible Design.

T.  There are protruding objects present throughout the facility, in violation of Sections 204 and 307 of the Standards for Accessible Design.

### Access to Goods and Services

U.  There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the Standards for Accessible Design.

V.  The signs that are provided at this facility do not comply with the requirements of Section 703 of the Standards for Accessible Design.

W.  There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the Standards for Accessible Design.

X.  There are self-service areas with dispensers whose controls do not comply with the requirements of Sections 308 and 309 of the Standards for Accessible Design.

Y.  There are dining and work surfaces provided at the facility that do not comply with the standards prescribed in Sections 226 and 902 of the Standards for Accessible Design.

### Public Restrooms

Z.  There are exposed pipes in some of the restrooms at the facility, violating Sections 213.3.4 and 606.5 of the Standards for Accessible Design.

AA.  The lavatories provided in some of the restrooms do not meet the requirements prescribed in Sections 213.3.4, 606.2 and 606.3 of the Standards for Accessible Design.

BB.  Some of the restroom doors at the facility have improper hardware for disabled

patrons, in violation of Section 404.2.7 of the Standards for Accessible Design.

CC. The maneuvering clearances that are provided at some of the restroom doors do not comply with the requirements of Section 404.2.4 of the Standards for Accessible Design.

DD. Some of the toilet stalls provided for public use at the facility are in violation of Sections 604.8.1 and 604.8.2 of the Standards for Accessible Design.

EE. Some of the water closets that are provided for public use at the facility violate the provisions of Sections 604.2 thru 604.7 of the Standards for Accessible Design.

FF. The mirrors provided for public use in some of the restrooms do not comply with the requirements in Sections 213.3.5 and 603.3 of the Standards for Accessible Design.

GG. The location of the flush control on many of the public use W/Cs at the facility does not comply with the requirements of Section 604.6 of the Standards for Accessible Design.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the

Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993,

as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter YRC Cinemas to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## VIRGINIA STATE CLAIM (DAMAGES)

17. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 16 of this Amended Complaint.

18. Defendant's Property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

19. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

20. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

21. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

    d. The Court issue a Declaratory Judgment that the Defendant has violated The Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

Case 4:12-cv-00134-AWA-LRL   Document 1   Filed 08/20/12   Page 10 of 10 PageID# 10

Respectfully Submitted,

Reed S. Tolber, Esquire
THE LAW OFFICES OF REED STEWART TOLBER P.A.
302 Park Street/Court Square
Charlottesville, VA 22902
(434) 295-6659
(434) 295-0816 - Facsimile
reedtolber@gmail.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By:_____
    Reed S. Tolber, Esquire
    VA Bar No. 66015

Date: 8/17/12

Counsel for Plaintiffs Access 4 All, Inc.
and Kenneth R. Flaum

#4351-York River Crossing Assoc Comlaint (slm 7-27-12) wpd

10